IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MITCHELL, )<br>No. R18381, )<br> )<br>           Plaintiff, )<br> )<br>vs. )<br> )<br>C/O S. BAKER, and )<br>WARDEN RICHARD HARRINGTON, )<br> )<br>           Defendant. ) | CIVIL NO. 13-cv-00860-MJR |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On August 20, 2013, Plaintiff Calvin Mitchell, an inmate in the custody of the Illinois Department of Corrections, housed at Menard Correctional Center, filed a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) (Doc. 1). The motion was denied and, pursuant to Federal Rule of Civil Procedure 3, Plaintiff was directed to file a complaint in order to properly secure the Court's jurisdiction (Doc. 4). Plaintiff has now filed a complaint (Doc. 6). He brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on perceived harassment, threats and retaliation by Defendant C/O Baker.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in February 2004 C/O Baker lodged a fabricated disciplinary charge against Plaintiff. Plaintiff was subsequently transferred from Menard to

another facility, but since his return to Menard he has had trouble with Baker. On June 28, 2013, Baker approached Plaintiff and threatened to beat Plaintiff, or have Plaintiff assaulted by other inmates. C/O Baker explained to Plaintiff that Plaintiff's former cellmate had revealed Plaintiff's plan to throw urine on Baker. Baker then threatened that if Plaintiff tried anything, he, Baker, would f' Plaintiff up.

On July 3, 2013, C/O Baker stopped in front of Plaintiff's cell and pointed a shotgun at Plaintiff and threatened to kill him. Plaintiff further alleges that Baker assaulted him in the past and is constantly harassing him (in unspecified ways), to the point that Plaintiff's psychotropic and anti-hypertension medication has had to be adjusted.

Plaintiff prays for an immediate transfer from Menard and for an award of monetary damages.

Based on the allegations in the complaint, and without regard to the merits of any claim, the Court finds it convenient to frame the allegations as a single overarching count:

> **Count 1: Defendant C/O Baker has subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.**

### Discussion

"[T]he Eighth Amendment prohibits the unnecessary and wanton infliction of 'pain,' rather than 'injury.' ... 'Pain' in its ordinary meaning surely includes a notion of psychological harm." *Hudson v. McMillian*, 503 U.S. 1, 16 (1992) (Blackmun, J., concurring). Thus, in *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003), the Seventh Circuit recognized that harassment intended to inflict psychological pain could form the basis of an Eighth Amendment claim. *See also Hudson*, 503 U.S. at 9, 16; *Babcock v. White*, 102 F.3d 267, 273 (7th Cir. 1996).

Nevertheless, no Fourth Amendment violation was found in *Wisniewski v. Kennard*, 901 F.2d 1276 (5th Cir. 1990), where a deputy sheriff placed his revolver in a detainee's mouth and threatened to blow the detainee's head off, because the detainee suffered only bad dreams following the incident, which was deemed an insignificant injury. Plaintiff Mitchell has alleged both psychological and physical harm—something more than mere bad dreams. Because a contextual analysis is required, the Eighth Amendment claim against C/O Baker shall proceed. *See Hudson*, 503 U.S. at 8.

There are no allegations of personal involvement by Warden Richard Harrington. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Aside from Harrington's name appearing in the caption of the complaint, he is not mentioned in the narrative portion of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, no claim has been stated against Harrington in his individual capacity. Because Warden Harrington would be the proper respondent for purposes of injunctive relief (*see Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001)), he shall remain in the case in his official capacity, for the time being.

**Pending Motions**

Plaintiff's October 15, 2013, Motion for Clarification regarding the complaint and his pauper status (Doc. 14) is deemed moot. Plaintiff has been granted pauper status (Doc. 11) and, upon entry of this Order, the complaint will proceed to the pretrial phase.

In accordance with 28 U.S.C. § 636(b)(1)(B), Plaintiff's interrelated Motion for Preliminary Injunction (Doc. 8), Motion for Emergency Transfer (Doc. 17), Motion for Hearing (Doc. 22), and Emergency Motion (Doc. 23) shall be referred to United States Magistrate Judge Stephen C. Williams.

Insofar as Plaintiff's complaint and *pro se* motions could have been meant to seek a temporary restraining order, such relief is denied. A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if:

> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1).

Without expressing any opinion on the merits of Plaintiff's complaint, the Court is of the opinion that a temporary restraining order is not warranted. Plaintiff's allegations do not clearly demonstrate the likelihood of immediate and irreparable harm before Defendants can be heard. Although the Court does take Plaintiff's allegations seriously, he offers only conclusory assertions about his fear of a future assault by C/O Baker.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Plaintiff's motion for recruitment of counsel (Doc. 19) will be referred to Magistrate Judge Williams.

### Disposition

**IT IS HEREBY ORDERED**, for the reasons stated, **WARDEN RICHARD HARRINGTON** is **DISMISSED** as a defendant in his individual capacity, but he shall remain as a defendant in his official capacity for purposes of injunctive relief.

**IT IS FURTHER ORDERED** that Count 1 shall proceed against Defendant **C/O S. BAKER** in his individual capacity.

**IT IS FURTHER ORDERED** that any intended motion for a preliminary injunction is **DENIED**.

**IT IS FURTHER ORDERED** that:

1. Plaintiff's Motion for Clarification (Doc. 14) is **DENIED AS MOOT**;

2. Plaintiff's Motion for Preliminary Injunction (Doc. 8), Motion for Emergency Transfer (Doc. 17), Motion for Hearing regarding his emergency transfer (Doc. 22), and Emergency Motion (Doc. 23) are **REFERRED** to United States Magistrate Judge Stephen C. Williams, pursuant to 28 U.S.C. § 636(b)(1)(B); and

3. Plaintiff's motion for recruitment of counsel (Doc. 19) is **REFERRED** to Magistrate Judge Williams 28 U.S.C. § 636(b)(1)(A).

The Clerk of Court shall prepare for Defendants **C/O S. BAKER** and **WARDEN RICHARD HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any

documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to 28 U.S.C. § 636(A) and Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 6, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**