IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MITCHELL,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>STEPHEN BAKER and RICHARD  )<br>HARRINGTON,  )<br>)<br>Defendants.  ) | Case No.  13–cv–0860–MJR–SCW |

MEMORANDUM AND ORDER

**REAGAN, District Judge:**

## I.   Introduction

Before the Court are Plaintiff's numerous motions for preliminary injunctive relief and emergency transfer. Specifically, Plaintiff has filed a motion for preliminary injunction (Doc. 8) and five motions for emergency transfer (Docs. 17, 23, 25, 29, and 45), as well as two motions for hearings on his emergency motions (Docs. 22 and 30) and a recently filed motion for status (Doc. 46). The issues are ripe: Defendant Richard Harrington has filed a Response (Doc. 40) in opposition to the pending motions, and Plaintiff has filed a Reply brief (Doc. 44). For the reasons explained below, the Court **DENIES** Plaintiff's motions for injunction / transfer, and **DENIES** his additional motions for hearing and status (Docs. 22, 30, and 46).

## II.   Procedural Background

On August 20, 2013, Plaintiff filed a motion for preliminary injunction (Doc. 1). Plaintiff alleged that Correctional Officer ("C/O") Baker harassed and threatened him daily since his arrival at Menard Correctional Center on May 7, 2013, and that he believed Baker's harassment was in

retaliation for a grievance Plaintiff lodged against Baker in 2004 (Doc. 4). On August 23, 2013, the Court denied the motion, indicating that Plaintiff had failed to file a formal complaint. Without such a complaint, the Court could not ascertain the claims and relief Plaintiff sought (*id.*). Plaintiff was instructed to file a formal complaint by September 13, 2013, and to renew his motion for injunctive relief in a new motion (*id.*).

On September 9, 2013, Plaintiff filed his formal Complaint against Defendant Baker (Doc. 6). Plaintiff's Complaint alleges that in February 2004, C/O Baker issued a fabricated disciplinary charge against Plaintiff and Plaintiff was subsequently transferred from Menard to another facility (*id.* at pp. 2-3). Plaintiff has now returned to Menard, and since his arrival has had numerous incidents with C/O Baker. Plaintiff alleges that on June 28, 2013, Baker approached Plaintiff and threatened to beat him up or have other inmates assault him (*id.* at p. 3). Baker indicated that Plaintiff's cellmate had informed him of Plaintiff's plan to throw urine on Baker, and Baker warned Plaintiff that if he tried anything against Baker, he would f*** Plaintiff up (*id.*). Further, on July 3, 2013, Baker stopped at Plaintiff's cell and pointed a shotgun at Plaintiff, threatening to kill him. Plaintiff alleges that Baker is constantly harassing him (*id.*).[1]

Plaintiff filed a Motion for Preliminary Injunction (Doc. 8) contemporaneous with his Complaint. Plaintiff sought an injunction seeking a transfer to another prison due to Baker's continuous harassment, as well as a protective order against Baker. Plaintiff's allegations of harassment included the June and July 2013 incidents mentioned in his Complaint (Doc. 8). Since Plaintiff's initial filing, he has filed several more motions for emergency transfer to another prison (Docs. 17, 23, 25, 29, and 45). Plaintiff's October 21, 2013 motion for emergency transfer (Doc. 17)

---

[1] Since Plaintiff sought injunctive relief as part of his damages, the Court also directed that Warden Richard Harrington remain a defendant in the case in his official capacity for purposes of implementing any awarded injunctive relief.

included his original allegation that Baker harassed him, threatened to kill him, and pointed a gun at him from the catwalk while threatening to kill him. That motion also added an allegation that on September 25, 2013, Baker came to his cell and shook down his cell and then smacked him in the face (*Id.*). On November 12, 2013, Plaintiff filed another emergency motion to be moved out of imminent danger (Doc. 29), alleging that he was also being harassed by Baker's co-workers (although Plaintiff did not indicate who these co-workers were or how they were harassing him). Plaintiff also filed two motions requesting that the Court hold a hearing on his pending motions (Docs. 22 and 30). Plaintiff's first motion for hearing indicated that other C/O's would also harass Plaintiff on behalf of Baker by calling out Plaintiff's name and asking how his arm felt, a statement Plaintiff believes to be a reference to February 2004, when Baker broke Plaintiff's arm in an altercation (Doc. 22).

On December 26, 2013, Magistrate Judge Stephen C. Williams set the matter for an evidentiary hearing and set an expedited briefing schedule. On January 17, 2014, Defendant Richard Harrington filed a Response (Doc. 40) to Plaintiff's pending motions. Defendant argued that Plaintiff was not entitled to a preliminary injunction because he had not shown a likelihood of success on the merits. Defendant noted that Defendant Baker is currently on medical leave for an undetermined amount of time and thus he is not currently at Menard. Thus, Defendant argues, Plaintiff will suffer no harm if an injunction is denied because Baker is not currently at Menard Correctional Center. Plaintiff filed a Reply (Doc. 44) brief, arguing that Baker's co-workers were still harassing Plaintiff on a daily basis. As the motion was fully briefed, this Court decided that the issues could be resolved without a hearing, and Magistrate Judge Stephen C. Williams subsequently cancelled the evidentiary hearing (Doc. 41).

After filing his reply brief, Plaintiff filed another emergency motion for transfer (Doc. 45). This motion suggested that Baker and his co-workers subject Plaintiff to cruel and unusual punishment by constantly harassing him. Plaintiff indicates that the co-workers have harassed him

even more since Baker has been served with Plaintiff's Complaint. Plaintiff alleges that the co-workers harass him, will not let him out of his cell for the chow line, and have smacked and punched him. Plaintiff asks for an immediate transfer (Doc. 45). Most recently, Plaintiff has filed a Motion for Clarification and Status Report (Doc. 46). Plaintiff sought clarification on the cancellation of the evidentiary hearing because, Plaintiff asserted, the hearing should still continue (since Defendant's responsive brief only dealt with Plaintiff's allegations against Baker—not with harassment by Baker's co-workers). Plaintiff also alleged that the cancellation was invalid because the Court did not notify Plaintiff or give him an opportunity to respond to Defendant's brief.

### III. Analysis

#### A. Preliminary Injunction Standard

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To win a preliminary injunction, a plaintiff must show (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without the injunction, (3) the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20). The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, 612 F.3d at 546.

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by

the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, **682 F.3d 679, 683 (7th Cir. 2012).** Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. § 3626(a)(2).** *See also Westefer*, **682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).**

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, **130 F.3d 293, 295 (7th Cir. 1997).** Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* **(citing** *Jordan v. Wolke*, **593 F.2d 772, 774 (7th Cir. 1978)).** *See also W.A. Mack, Inc. v. Gen. Motors Corp.*, **260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").**

B.  *Discussion*

As to Plaintiff's requests for hearing on his emergency motions, the Court **DENIES** those motions (Docs. 22 and 30). The Court notes that this matter is fully briefed, and given Defendant's response that Baker is not currently working at Menard Correctional Center, the Court finds that no further evidence is needed to make its ruling. Plaintiff has extensively made his position and evidence known in his various filings.

The Court first **DENIES** Plaintiff's motion for a status report (Doc. 46), in which Plaintiff argues that Magistrate Judge Williams' cancellation of the evidentiary hearing was invalid because

Plaintiff had no chance to respond to Defendant's brief. The Court notes that Plaintiff did indeed respond to the arguments raised in Defendant's brief (Doc. 45). The Court does not need Plaintiff's permission to cancel an evidentiary hearing and, in any event, the Court finds the matter to be fully briefed: a hearing is simply unnecessary at this point.

As to Plaintiff's requests for preliminary injunction and emergency transfer, the Court finds Plaintiff is not entitled to the relief that he seeks. Plaintiff has failed to demonstrate a likelihood of success on the merits. Plaintiff's Complaint alleges Baker has been threatening him, indicating that he is going to beat him up or have another inmate assault him. Plaintiff also alleges that Baker has pointed a gun at him and threatened to shoot him. Plaintiff's various motions indicate that he is harassed by Baker on a daily basis and that the harassment has increased since filing his lawsuit. In essence, Plaintiff alleges that he is being retaliated against by Baker for filing grievances (and now his lawsuit).

However, threats alone do not amount to actionable conduct. In order to be actionable, the alleged retaliation must be the sort that would "deter a person of ordinary firmness" from exercising their First Amendment rights. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982); *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009). As the Seventh Circuit noted in *Bart*, "[i]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Id*. *See also Antoine v. Uchtman,* 275 F. App'x 539, 2008 WL 1875948, at * 1–2 (7th Cir. 2008) **(threats and racist statements did not constitute retaliation when guards took no concrete action to dissuade the inmate from filing grievances and the record was clear that the inmate continued to file grievances despite the threats).** Mere threats, without something more, are not actionable. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). As the Seventh Circuit

reasoned in *Antoine*, "the Constitution does not compel guards to address prisoners in a civil tone using polite language." *Antoine*, **275 Fed. Appx 539, 2008 WL 1875948, at *2.**

Here, the alleged actions by Baker consist mostly of harassing Plaintiff and threatening to beat him up. Plaintiff does point to one occasion in his Complaint where Baker's actions went beyond trivial threatening, when Baker allegedly pointed a gun at Plaintiff. While the Court is concerned about this action, the concern is offset by the fact that Baker is not currently working at Menard Correctional Center: he has been on medical leave since July 23, 2013, and it is unknown when he will return to work (Doc. 40, Ex. A). Plaintiff acknowledges Defendant Baker is not currently at Menard (Doc. 44). There is therefore insufficient evidence to show Plaintiff will suffer irreparable harm, as Baker is not at the prison (and cannot further threaten or injure Plaintiff).

Plaintiff's subsequent filings allege that Baker shook Plaintiff's cell down, destroyed some of his personal photos, and slapped him. Plaintiff alleges that this event took place on September 25, 2013, but at the same time Plaintiff acknowledges that Baker is not currently at Menard. And Defendant Harrington notes that Baker has not been working since July 23, 2013. The Court finds Plaintiff's new allegation that Defendant Baker slapped him on September 25, 2013—when Defendant Baker had not been working at Menard since July—not credible.

Plaintiff also argues his motion for preliminary injunction and transfer is still viable because Baker's co-workers are also harassing him. Plaintiff alleges that Baker's unnamed co-workers yell at Plaintiff and harass him, referring to a broken arm that Plaintiff alleges Baker caused him in 2004. Plaintiff recently alleged these co-workers have increased their harassment since he filed his Complaint (and since Baker has left) by denying him access to the chow hall and slapping him. But the Court notes that these unknown individuals are not a party to this suit. Plaintiff has only brought his Complaint against Baker (and by extension Warden Harrington as Plaintiff seeks injunctive relief).

Plaintiff does not offer any allegations in his Complaint against these other individuals. Further, the Court does not find his allegations against these other individuals to be credible, since he originally stated they only yelled at him—now he claims that they have been denying him meals and beating him. His ever changing allegations are simply not credible enough to show a likelihood of success on the merits. Accordingly, the Court **DENIES** Plaintiff's various motions for preliminary injunction and emergency transfer (Docs. 8, 17, 23, 25, 29, and 45).

## IV. Conclusion

The Court accordingly **DENIES** Plaintiff's pending motions for preliminary injunction and emergency transfer (Docs. 8, 17, 23, 25, 29, and 45). The Court further **DENIES** Plaintiff's motions for hearing (Docs. 22 and 30) and his motion for status (Doc. 46).

Should Defendant Baker return to work at Menard Correctional Center, the Court instructs Defendant Harrington to inform the Court in a prompt status report.

**IT IS SO ORDERED**.
**DATED: February 26, 2014.**          s/ *Michael J. Reagan*
                                        **MICHAEL J. REAGAN**
                                        United States District Judge