IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CALVIN MITCHELL,** | ) |
| **Plaintiffs,** | ) ) ) |
| vs. | ) ) Case No.   13-cv-860-MJR-SCW |
| **RICHARD HARRINGTON and C/O BAKER,** | ) ) ) ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This case is before the Court on Plaintiff's Motion to Hold in Contempt (Doc. 51). Defendant Harrington has filed a Response (Doc. 56). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **DENY** Plaintiff's Motion to Hold in Contempt (Doc. 51).

On February 26, 2014, District Judge Reagan entered an Order (Doc. 47) denying Plaintiff's numerous motions for preliminary injunction and emergency transfer. Plaintiff had asked to be transferred because he was continually being harassed by C/O Baker. Judge Reagan denied Plaintiff's requests largely due to the fact that the Court was informed by Defendant Harrington that C/O Baker was on a medical leave of absence and would be absent for an undetermined period of time (Doc. 40 Ex. A). Thus, the Court found Plaintiff would not suffer irreparable harm if he was not transferred because Baker was no longer at the prison. In light of the Court's reasoning in issuing its ruling, Judge Reagan directed Defendant Harrington to inform the Court promptly should Baker

return to duty.

The Court did not hear from Defendants, but on March 17, 2014, Plaintiff filed the current Motion to Hold in Contempt (Doc. 51), arguing that Baker had returned to work. Plaintiff indicated that Defendant Baker approached him on March 12, 2014 and stated that he had never been on a leave of absence and that he was working on the Hill (*Id.*). Plaintiff argued that Defendant Harrington violated the Court's order by not promptly informing the Court of Defendant Baker's return. Defendant Harrington filed a Response (Doc. 56) to Plaintiff's motion indicating that the litigation coordinator at Menard Correctional Center informed defense counsel on March 19, 2014 that Baker had returned to duty on March 11, 2014. Judge Reagan referred Plaintiff's motion to the undersigned to hold a hearing on any factual issues presented by Plaintiff's motion.

On April 18, 2014, the undersigned held an evidentiary hearing on Plaintiff's motion for contempt. Counsel for defense indicated that he did not receive electronic notifications in this case, as he was not formally entered as counsel of record when he filed a response to the initial preliminary injunction motion, and thus did not receive notice of the Court's February 26, 2014 Order directing counsel to update the Court when Baker returned to work. A review of the docket sheet indicates that defense counsel, indeed, did not receive notification of the Court's order. Counsel did not start receiving notices until he filed an Answer on behalf of Warden Harrington on March 17, 2014. It was at that time he learned of the motion to contempt and the Court's order directing a prompt status on Baker.

Having determined that defense counsel did not receive notice of Judge Reagan's Order and has now provided notice that Baker has returned to work, the undersigned **RECOMMENDS** that Defendants not be held in contempt for their failure to file a status report. Due to issues with the Court's docketing system, defense counsel did not receive Judge Reagan's

Order and thus was unaware of the Court's direction to provide prompt notice. Upon learning of this requirement, counsel for Defendants promptly filed a response notifying the Court of Baker's return. Further, there is no evidence that Defendant purposefully disobeyed Judge Reagan's Order.

At the hearing, Plaintiff further argued that Baker informed him that he was never on leave but rather working in another section of the prison and informed the undersigned that Baker continued to harass him on a daily basis. Plaintiff requested that Defendants be required to prove that Baker was on medical leave during the alleged time frame and not in another part of the prison. The undersigned declined to take up that issue as Plaintiff had not requested this information in his motion for contempt but informed Plaintiff that he could seek that information in a discovery request, if he so chose. The current motion, however, was solely on Defendants' failure to notify the Court of Baker's return as was required by the Court's Order. Further, Defendant Harrington had submitted in his response, to the preliminary injunction motion, an affidavit from Menard Correctional Center's Human Resources department which indicated that, as of January 17, 2014, Baker was on medical leave from July 23, 2013 to the present with an undetermined return date. There is nothing in the record at this time to indicate that Baker was actually on duty and the undersigned found any statements by Baker to the contrary to be untrue. The undersigned also informed Plaintiff that as the preliminary injunction motion was denied by Judge Reagan, that there was no current request for preliminary injunctive relief on the record. Thus, if Plaintiff still sought an emergency transfer in light of Baker's return to duty, he must file a new motion for preliminary injunction.

Accordingly, it is **RECOMMENDED** that the Court **FIND** that Defendant Harrington did not disobey the Court's Order to provide prompt notice of Baker's return to work and **DENY** Plaintiff's motion for contempt (Doc. 51).

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b)**, the parties may object to

any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **May 5, 2014**.

    **IT IS SO ORDERED**.
    DATED: April 18, 2014.

    */s/ Stephen C. Williams*
    STEPHEN C. WILLIAMS
    United States Magistrate Judge