IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALVIN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13–cv–0860–MJR–SCW |
| | ) | |
| WARDEN RICHARD HARRINGTON | ) | |
| and C/O STEPHEN BAKER[1], | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

REAGAN, District Judge:

Before the Court in this § 1983 civil rights case are two motions: Plaintiff's Motion for Sanctions (Doc. 51), and Plaintiff's "Emergency Motion" (Doc. 67) for a hearing on his motion for preliminary injunction. Both the underlying case and Plaintiff's motion for injunctive relief focus on the purported threat posed to Plaintiff's safety by Defendant Baker, a Correctional Officer at Menard Correctional Center (where Plaintiff resides).

According to Defendants' response to an earlier motion for injunctive relief, Baker was on indefinite medical leave during early 2014. The undersigned therefore declined to transfer Plaintiff via an injunction, but directed Defendant Harrington to inform the Court promptly should Defendant Baker return to work.

---

[1] Post-complaint pleadings and motions have clarified that Defendant Baker's first name is Stephen. The Clerk is therefore DIRECTED to edit the docket sheet to reflect Defendant's proper name, replacing "C/O S Baker" with "C/O Stephen Baker."

1

Baker returned to work on March 11 or 12, 2014, but Harrington did not inform the Court.

Plaintiff both moved for sanctions against Defendants (for violating the Court's directive re: Baker's return), and filed another motion for preliminary injunction, again seeking for the Court to order a transfer away from Menard. Plaintiff's motion for injunctive relief ripened on May 5, 2014, and a day later he filed an "Emergency Motion" for a hearing.

Plaintiff's Motion for Sanctions (Doc. 51) is **DENIED**. Magistrate Judge Williams, pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule 72(b), and Local Rule 72.1(a), entered an April 18, 2014 Report and Recommendation (R&R) in which—after a hearing—he found defense counsel never received notice of the directive (and so never passed it along to Defendant Harrington). Judge Williams recommended denying the sanctions motion. Plaintiff has failed to file a timely objection to the R&R, and has therefore waived his right to do so. *Banco Del Atlantico, S.A. v. Woods Indus. Inc.*, 519 F.3d 350, 354 (7th Cir. 2008). The R&R (**Doc. 63**) is therefore **ADOPTED in full**, and Plaintiff's Motion for Sanctions (**Doc. 51**) is **DENIED**.

In moving for a hearing, Plaintiff again raises his safety vis-à-vis Defendant Baker, who (Plaintiff alleges) has physically and verbally abused him at least twice since his return from leave. Plaintiff's Motion for Hearing (**Doc. 67**) is **GRANTED**. Per the referral order in this case, the undersigned **REFERS** Plaintiff's Motion for

Preliminary Injunction (Doc. 64) to Judge Williams for an evidentiary hearing (as soon as practicable) and R&R.

IT IS SO ORDERED.

DATE: May 8, 2014

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge