IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13–cv–0860–MJR–SCW |
| | ) |
| STEPHEN BAKER and | ) |
| KIM BUTLER, | ) |
| | ) |
| Defendants. | |

# MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

In this § 1983 civil rights case, Plaintiff Calvin Mitchell, an inmate at Menard Correctional Center, won preliminary injunctive relief approximately ten days ago. On October 8, 2014, the undersigned ordered Defendant Butler (Menard's Warden) to file a narrowly-drawn plan which will accomplish the limited directive of keeping Plaintiff and Defendant / Correctional Officer Baker (whose repeated, severe threats to Plaintiff are the basis of the lawsuit) separated.

Now Plaintiff, before the Warden's plan is even due, has filed a motion in which he asks the Court to order state-level prison administrators to approve his transfer away from Menard. (Apparently the Warden has requested such a transfer). Noting that this lawsuit only targets a correctional officer (not prison administrators) for unconstitutional actions, the Court finds the instant motion (1) offers no new specifics as to any threat to Plaintiff, and (2) asks for far too much intrusion into the day-to-day affairs of prison administration. *See Turner v. Safley*,

1

482 U.S. 78, (1987) ("[C]ourts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.") (internal citation omitted); *Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979) ("Prison administrators ... should be accorded wide-ranging deference" on matters of internal order, discipline, security, especially in the absence of substantial evidence they have exaggerated their response to those considerations).

Plaintiff's Motion (Doc. 105) is **DENIED**.

IT IS SO ORDERED.
DATE: October 17, 2014

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
Chief Judge
UNITED STATES DISTRICT COURT