IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MITCHELL, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 13-cv-0860-MJR-SCW |
| ) | |
| C/O S. BAKER, and ) | |
| WARDEN RICHARD HARRINGTON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### Introduction

Before the court is Plaintiff's Motion for Summary Judgment (Doc. 133). Plaintiff seeks judgment in this case based upon Defendant Baker's absence from two evidentiary hearings. The matter is ripe: Defendants have filed a Response (Doc. 135). For the following reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 133).

### Background

On September 9, 2013, Plaintiff filed a Complaint alleging that Defendant Baker had violated his constitutional rights under the Eighth Amendment (Doc. 6). Plaintiff alleges that, before being transferred out of Menard Correctional Center in 2004, Defendant Baker lodged a fabricated disciplinary charge against him, assaulted him, and pushed Plaintiff (who was being returned to segregation) down a flight of stairs. (Doc. 6). Plaintiff further claims that on June 28, 2013, after being transferred back to Menard Correctional Center on May 15, 2013, Defendant Baker approached Plaintiff and threatened to beat Plaintiff, or have Plaintiff assaulted by other inmates (Doc. 26). Moreover, according to Plaintiff's Complaint, on July 3, 2013, Defendant Baker

stopped in front of Plaintiff's cell, pointed a shotgun at Plaintiff, and threatened to kill him (*Id.*). Additionally, Plaintiff's Complaint contains further unspecified allegations that Defendant Baker assaulted him in the past and constantly harasses Plaintiff, to the point of requiring an adjustment to his psychotropic and anti-hypertension medication. Finally, Plaintiff amended his original complaint, adding an additional claim against Baker, alleging that on September 25, 2013, Defendant Baker destroyed Plaintiff's personal property while shaking down his cell.

Plaintiff's Complaint came out of a Motion for Preliminary Injunction he filed requesting a protective order be issued in this case (Doc. 1). The motion was denied and, pursuant to Federal Rule of Civil Procedure 3, plaintiff was directed to file a complaint in order to properly secure the Court's jurisdiction (Doc. 4). Plaintiff did so, and subsequently filed several motions for various equitable relief. The Court ultimately entered an order directing that Plaintiff be transferred away from Menard during the pendency of this suit (Doc. 130). Eight days later Plaintiff filed the instant Motion for Summary Judgment (Doc. 133).

## Legal Standards

Plaintiff seeks judgment in this case on summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is proper only "if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Dynegy Mktg. & Trade v. Multi Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (internal quotation marks omitted), citing FED. R. CIV. P. 56(a). See also *Ruffin–Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists,

the Court must view the record in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

If a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 205 (quoting FED. R. CIV. P. 56(e)(2)). A fact is material if it is outcome determinative under applicable law. *Anderson,* 477 U.S. at 248; *Ballance v. City of Springfield, Ill. Police Dep't,* 424 F.3d 614, 616 (7th Cir.2005); *Hottenroth v. Village of Slinger,* 388 F.3d 1015, 1027 (7th Cir.2004). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. To survive a properly supported motion for summary judgment, the non-movant must present more than a "mere scintilla" of evidence showing the existence of a genuine issue of material fact. *Chaib v. Indiana,* 744 F.3d 974, 981 (7th Cir.), *cert. denied,* 135 S.Ct. 159 (2014). *See also Zuppardi v. Wal–Mart Stores, Inc.,* 770 F.3d 644, 650 (7th Cir.2014).

On summary judgment, the Court considers the facts in the light most favorable to the non-movant. *Srail v. Village of Lisle,* 588 F.3d 940, 948 (7th Cir.2009). The Court adopts reasonable inferences, and resolves doubts, in the non-movant's favor. *Id.*; *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.,* 528 F.3d 508, 512 (7th Cir.2008). Summary judgment is "not an appropriate occasion for weighing the evidence" and should not be granted if the evidence before the court supports alternate inferences. *Dowden v. Polymer Raymond, Inc.,* 966 F.2d 1206, 1207–08 (7th Cir.1992). *See also Anderer v. Jones,* 385 F.3d 1043, 1064 (7th Cir.2004), *cert. denied,* 546 U.S. 1032 (2005). Summary judgment is only appropriate if, on the evidence provided, no reasonable juror could return a verdict in favor of the non-movant. *Carlisle v. Deere & Co.,* 576 F.3d 649, 653 (7th Cir. 2009).

Because plaintiff moves for summary judgement here, an additional word about the burden of proof merits note. The Supreme Court has reminded district courts that "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson,* 477 U.S. at 254. The party opposing the motion for summary judgment bears the burden of responding *only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact. *Celotex,* 477 U.S. at 322. Thus, where, as here, the party moving for summary judgment also bears the burden of persuasion at trial (i.e., the movant is the plaintiff), the movant must establish each and every essential element of his claim or defense. *McKinney v. Am. River Transp. Co.,* 954 F. Supp. 2d 799, 803 (S.D. Ill. 2013) (citing *Celotex,* 477 U.S. at 322; *Surles v. Andison,* 678 F.3d 452, 455-56 (6th Cir. 2012) (if summary judgment movant is plaintiff, she must show that the record contains evidence satisfying her burden of persuasion); *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir.1998) (at summary judgment stage, party that bears burden of persuasion at trial must come forward with sufficient evidence of each essential element of its prima facie case); Moore's Federal Practice § 56.13(1) (3d ed.2000)).

This is different from the normal summary judgment filed by a defendant (who does not bear the ultimate burden of persuasion at trial), who can prevail just by showing an absence of evidence to support any essential element of the non-movant's case. *See Modrowski v. Pigatto,* 712 F.3d 1166, 1169 (7th Cir. 2013). But if the summary judgment movant does bear the burden of proof at trial, he can only prevail by proving *each* element of his case with evidence sufficiently compelling that no reasonable jury could return a verdict for the non-movant. *Celotex,* 477 U.S. at 331 ("If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence…that would entitle it to as directed verdict if not controverted at trial"). *See also McKinney,* 954 F. Supp. 2d at 803 (citing *Anderson,* 477 U.S.

at 248; *Lewis v. Kordus,* 2010 WL 3700020 (E.D. Wisc. 2010) (unreported) ("where the moving party bears the burden of proof at trial, he can prevail only by proving every element of his case with evidence so compelling that no reasonable jury could return a verdict for the non-moving party").

Plaintiff claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated via harassment / assault by Defendant Baker. "Though [a prisoner's] rights may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974). Under the Eighth Amendment prisons must provide inmates with "an environment that does not threaten their mental and physical well-being." *Howard v. Wheaton*, 668 F. Supp. 1140, 1142 (N.D. Ill. 1987) (citing *Madyun v. Thompson,* 657 F.2d 868, 874 (7th Cir.1981)). To state a claim for relief in an action brought under § 1983, [plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999). For Plaintiff to succeed on summary judgment he must provide evidence that Defendant Baker did in fact violate his Eighth amendment rights, and that evidence must be so compelling that no reasonable jury could find for the non-movant.

## Analysis

Plaintiff's Motion for Summary Judgment on the merits is premature, and he has failed to prove every essential element of his claim.

As stated above, Plaintiff may only prevail if he has presented evidence so compelling—as to each element of his claim—that no reasonable jury could find for the non-movant, *i.e.*, Defendant Baker. To support his Motion for Summary Judgment, Plaintiff merely points to absences by

Defendant Baker at two evidentiary hearings, and states that Defendant's absences will allow Plaintiff to present unrebutted evidence of the § 1983 claim.  Thus (according to the Plaintiff), he is entitled to summary judgment (Doc. 133).

However, Plaintiff has offered no evidence (let alone compelling evidence) in support of each of the essential elements of his claim.  It is true he prevailed in procuring a preliminary injunction in the matter, but that interlocutory victory was premised on Baker's absence from the proceedings as much as it was on any evidence adduced by Plaintiff. Moreover, the motion was filed *before* the discovery deadline lapsed; the Court does not such motions unless the parties agree (and they do not here) that the discovery record has been fully unearthed. Finally, factual findings at the preliminary injunction stage are not binding at latter stages of the case. *See Technical Pub. Co. v. Lebhar-Friedman, Inc.*, **729 F.2d 1136, 1139 (7th Cir. 1984) ("A factual finding made in connection with a preliminary injunction is not binding on the court in the trial on the merits.").**

In the absence of any affidavits, documents, or discovery responses in support of Plaintiff's motion, there is no evidence to go un-rebutted, despite Defendant's absences and Plaintiff's protestations.  Plaintiff has not met his burden of proving he is entitled to summary judgment.

## Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 133). The case remains pending, and all deadlines remain in effect.

**IT IS SO ORDERED.**
DATED: 8/27/2015

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
Chief Judge, U.S. District Court