IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CALVIN MITCHELL,             )
                      )
           Plaintiff,    )
                      )
vs.                     )   Case No.   13-cv-860-MJR-SCW
                      )
STEPHEN BAKER, KIMBERLY BUTLER,   )
and SALVADOR GODINEZ,     )
                      )
           Defendants.

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Pursuant to 42 U.S.C. § 1983, *pro so* Plaintiff Calvin Mitchell, currently housed at Stateville Correctional Center, filed this complaint alleging that Defendant Stephen Baker subjected him to cruel and unusual punishment.  Defendants Kimberly Butler and Salvador Godinez were added to the case in their official capacity for purposes of responding to injunctive orders.  This matter is before the Court on a motion for summary judgment filed by Defendants Butler and Godinez (Doc. 151 and 152).  Plaintiff has filed a response (Doc. 156).   Based on the following, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment.

### FACTUAL BACKGROUND

Plaintiff initially filed his complaint as a motion for a preliminary injunction; the Court denied that early motion and directed Plaintiff to file a complaint in order to secure the Court's jurisdiction (Doc. 1 and 4).   Plaintiff filed his complaint on September 9, 2013, and the Court then conducted a threshold review (Doc. 6 and 26).   As narrowed

by the threshold order, Plaintiff's complaint alleges that in February 2004 Defendant Baker wrote a fabricated disciplinary report against Plaintiff and Plaintiff was subsequently transferred from Menard.   However, Plaintiff was returned to Menard in 2013, and on June 28, 2013, Baker approached Plaintiff and threatened to either beat Plaintiff or have him assaulted by other inmates (Doc. 26, p. 3).   Subsequently, on July 3, 2013, Baker visited Plaintiff's cell and pointed a shotgun at Plaintiff, threatening to kill him (*Id.*).   Plaintiff alleged that Baker was continually harassing him and sought a transfer from Menard Correctional Center and an award of monetary damages. Specifically, Plaintiff sought a prompt transfer from Menard "for his safety and security" to be safe from Baker "or other potential threats" (Doc. 6, p. 10, 14).

As Plaintiff sought injunctive relief, the warden of Menard Correctional Center was added to the case for the purpose of enforcing any injunction (Doc. 26).   Kimberly Butler was later substituted as the current warden of Menard Correctional Center (Docs. 86 and 86).   Plaintiff filed numerous requests for emergency relief and preliminary injunction, seeking a transfer from Menard Correctional Center (Docs. 22, 23, 24, 25, 29, 45, 64, 67, 126, 127, and 128).   After numerous hearings and briefings on the matter, the Court eventually granted Plaintiff's motion for a preliminary injunction (Doc. 64) and ordered that Plaintiff be transferred from Menard Correctional Center (Doc. 130).   As Warden Butler lacked authority to order Plaintiff's transfer, the Court added Godinez to the case in order to effectuate the transfer of Plaintiff (Docs 131 and 132).   Plaintiff was transferred to Stateville Correctional Center on February 4, 2015 (Docs. 134 and 137).

Before the Court is a motion for summary judgment filed by Defendants Butler and Godinez (Doc. 151 and 152).   Defendants argue that Plaintiff's request for injunctive relief is now moot because he has been transferred from Menard and because Defendant Baker no longer works at Menard.   Plaintiff had requested a permanent injunction requiring that he be kept away from Menard Correctional Center.   An affidavit from Jill Wehrheim, human resources representative at Menard Correctional Center, indicates that Baker was terminated from his employment at Menard as of June 18, 2015 (Doc. 152-1).   As Plaintiff is no longer housed at Menard Correctional Center and the danger presented by a re-transfer is no longer present, Defendants argued that Plaintiff's injunctive relief is moot and, as such, they should be dismissed from the case.

Plaintiff filed a response in opposition to Defendants' motion (Doc. 156). Plaintiff first argued that the summary judgment motion was untimely as Defendants filed their motion after the dispositive motion deadline.   That argument is incorrect as Defendants were granted an extension of time and filed the motion within the extension time period (Doc. 145).   Plaintiff also argued that his request for injunctive relief was still viable as Plaintiff alleged he was threatened and assaulted by staff acting on behalf of Baker, and that threat is still present and ongoing at Menard.

## LEGAL STANDARDS

Summary judgment is proper only "if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   ***Dynegy Marketing & Trade v. Multiut Corp.,***

648 F.3d 506, 517 (7th Cir. 2011) (*citing* FED. R. CIV. P. 56(a)).   A fact is material if it is outcome determinative under applicable law, and a genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits, and the other information submitted—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   After a proper motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (*quoting* FED. R. CIV. P. 56(e)(2)).   A mere scintilla of evidence in support of the nonmovant's petition is insufficient; a party will be successful in opposing the motion when it presents definite, competent evidence to rebut the motion. *Szymanski v. Rite-Way Lawn Maintenance Co., Inc.*, 231 F.3d 360, 364 (7th Cir. 2000).

On summary judgment, the Court considers the facts in the light most favorable to the non-movant and adopts reasonable inferences and resolves doubts in the non-movant's favor. *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009).   Even if the material facts are not in dispute, summary judgment is inappropriate when the information before the Court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004), *abrogated on other grounds by Spiegla II*, 481 F.3d at 966 (7th Cir. 2007).

## ANALYSIS

Plaintiff seeks permanent injunctive relief in the form of a transfer away from Menard Correctional Center. This Court previously granted Plaintiff's motion for a preliminary injunction and ordered that Plaintiff be transferred out of Menard for the pendency of this suit (Doc. 130). Plaintiff is currently housed at Stateville Correctional Center. The Court previously stated that at the end of the case the injunction would either become permanent, should Plaintiff prevail in his case and show that he has a continued, serious threat to his safety at Menard, or expire if Plaintiff loses his case or fails to show a continuing risk of harm (Doc. 130, p. 17). Defendants now seek summary judgment on Plaintiff's request for injunctive relief because, they argue, any injunctive relief is moot now that Plaintiff has been transferred out of Menard and Defendant Brooks is no longer employed by the Illinois Department of Corrections.

A request for injunctive relief concerning one prison may become moot if an inmate is transferred to another prison facility—if "a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, **83 F.3d 807, 812 (7th Cir. 1996).** Allegations of a likely retransfer may not be based on mere speculation or conjecture. *Id.* Thus, in order for an inmate to demonstrate that the illegal conduct is capable of repetition, he must show "that he will again be subject to alleged illegality," which is only found in "exceptional circumstances." *Id.*

Here, the Court finds that Plaintiff's request for injunctive relief is still viable.

Page **5** of **9**

Defendants argue that his request is now moot because he has been transferred to Stateville Correctional Center and cannot show that he will be subjected to the same constitutional violations if he was transferred back to Menard, as Defendant Baker is no longer employed there.   Defendants attach an affidavit to their motion which indicates that Stephen Baker was terminated from his employment at Menard Correctional Center on June 18, 2015, and no longer works at any Department of Corrections facility (Doc. 152-1).   Defendants argue that as Baker is no longer at Menard, Plaintiff will not be subject to any further harassment or assaults by him if he is transferred back to Menard.

However, Plaintiff's complaint sought an injunction requiring his transfer from Menard not just because of the actions of Defendant Baker, but because of the actions of numerous other staff at Menard.   Although Plaintiff's complaint only brought claims against Baker and the Warden of Menard, Plaintiff's complaint alleges that other staff have harassed him on behalf of Baker.   He alleges that he was constantly harassed at Menard by "Baker and [his] friends" (Doc. 6, p. 14).   Plaintiff sought a permanent injunction of a transfer to another Illinois Department of Corrections facility so that he would be "safe from C/O Baker or other potential threats from this administration" (Doc. 6, p. 14).   His allegations are backed by testimony of witnesses presented at the hearing on Plaintiff's motion for a preliminary injunction.   At that hearing, inmate Deon Davis testified that Officer Ryan Davis sprayed Plaintiff in the face with pepper spray after stating something to Plaintiff about his lawsuit against Baker (Doc. 130, p. 7).   This Court found that testimony, along with Ryan Davis' conflicting testimony that he did

not know Plaintiff but that he never sprayed Plaintiff with pepper spray, supported a finding that Plaintiff faced a continued, serious threat of harm by being housed at Menard. Thus, the Court does not find Plaintiff's request for injunctive relief to be mooted by Baker's termination as there were other threats at Menard which Plaintiff sought a transfer for in his complaint, and there is evidence demonstrating those threats.

Further, the Court finds that there is a strong likelihood of retransfer to Menard Correctional Center. As testified to by Defendant's witness Vicki Payne, Plaintiff is only eligible to be housed at two prisons due to the nature and length of his offense (See Doc. 130, p. 6). Those two prisons are Menard and Stateville. While Defendants make much of the fact that Plaintiff has since been transferred to Stateville Correctional Center, that transfer was only done on the order of this Court when it granted Plaintiff's motion for a preliminary injunction (Doc. 130). At that time, the Court ordered that Plaintiff be transferred out of Menard for the pendency of this case (*Id*. at p. 17). Thus, there is a real likelihood that Plaintiff could be transferred back to Menard after this case is concluded given the requirements in the Court's order and the fact that Plaintiff can only be housed either at Menard or Stateville. As Plaintiff points out, inmates are constantly being transferred from Menard to Stateville and vice versa due to the overcrowding issue in Illinois prisons (Doc. 156, p. 2). The Court finds this argument to be credible given the Court's knowledge and experience with Illinois prisons.

Under these circumstances, the Court finds that Plaintiff has shown more than mere speculation that the violations he alleges in his complaint are capable of repetition.

There is evidence in the record that Plaintiff is likely to be transferred back to Menard given that his transfer was only for the pendency of this suit and he can only be housed at one of two Illinois prisons (one being Menard Correctional Center).   Further, Plaintiff has shown that he is likely to suffer the same harm that led him to file his complaint, and Plaintiff has offered evidence that other staff have harassed and attacked Plaintiff at the behest of Baker—a risk that is likely to recur even if Baker no longer works at Menard. Thus, the Court cannot dismiss Plaintiff's request for injunctive relief at this time.

The Court does note, however, that the only proper defendant for injunctive purposes in this case is the Director of the Illinois Department of Corrections.   Warden Butler previously informed the Court that she has no authority to transfer an inmate and as Plaintiff is not currently housed at Menard Correctional Center there is no injunctive relief that Butler would be required to implement.   Thus, the Court will dismiss Warden Butler from the case as her presence is no longer necessary for purposes of implementing injunctive relief.   However, the Department Director will remain in the case in his official capacity for injunctive purposes.   While Godinez was originally named as a Defendant, he is no longer the Department Director.   The current director is John R. Baldwin, so Baldwin will be substituted for Godinez as the proper defendant.

### CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment.   To the extent that Defendants' argue that a request for permanent injunction is moot, the Court **DENIES** Defendants'

motion.   However, as it is clear from the record that only the Director has the power to transfer an inmate, the Court finds that Defendant Butler is no longer a proper party and **GRANTS** summary judgment as to her.   The current Department Director, John R. Baldwin, will remain in the case in his official capacity for purposes of responding to injunctive orders, and to that end the **CLERK** is **DIRECTED** to substitute Director John R. Baldwin for former Department of Corrections Director Salvador Godinez.

   **IT IS SO ORDERED.**

   **DATED:   February 2, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**
